**No. 57019.**—Artamount, Incorporated *v.* United States, protest 188723–K (New York).

Opinion by OLIVER, C. J. At the trial it was stipulated "that the articles are in chief value of leather, not reptile leather, and that they are flat goods." On the agreed statement of facts, the claim of the plaintiff was sustained.

**No. 57020.**—Eskil Halle and George G. Lippelgoes *v.* United States, protest 194833–K (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of wooden animal figures similar in all material respects to those the subject of Abstract 55996, the claim of the plaintiff was sustained.

**No. 57021.**—Timothy F. McGee *v.* United States, petition 6919–R (Baltimore).

Opinion by OLIVER, C. J. The petitioner testified that prior to shipment of the merchandise he obtained information in the country of exportation to the effect that the invoice value would be acceptable for appraisement purposes in this country. Before arrival of the merchandise at the port of entry, petitioner consulted customs officials and was advised of the value at which the lilies would be appraised. When the merchandise was appraised at a value that exceeded the invoice and entered value, petitioner filed an appeal for reappraisement. However, the appeal was not prosecuted because petitioner discontinued his importing business due to difficulties with the foreign shipper. On the record presented it was held that there was not intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.